No.  91-249

IN THE SUPREME COURT OF THE STATE OF MONTANA

**1992**

DAVID HOFFMAN,

Plaintiff and Appellant,

-vs-

TOWN PUMP, INC.,
a Montana corporation,

Defendant and Respondent.

APPEAL FROM:   District Court of the Sixteenth Judicial District,
In and for the County of Rosebud,
The Honorable Joe L. Hegel, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

John Houtz, Attorney at Law, Forsyth, Montana

For Respondent:

Brent R. Cromley, Moulton, Bellingham, Longo &
Mather, Billings, Montana

Submitted on Briefs:  August 13, 1992

Decided:   December 10, 1992

FILED

DEC 10 1992

Filed: *Ed Smith*
CLERK OF SUPREME COURT
STATE OF MONTANA

Clerk

Justice William E. Hunt, Sr., delivered the opinion of the Court.

Appellant David Hoffman appeals from an amended order of the Sixteenth Judicial District, Rosebud County, granting respondent Town Pump, Inc.'s, motion for a directed verdict because appellant failed to exhaust available internal procedures for wrongful discharge prior to filing an action against respondent, as required by § 39-2-911(2), MCA.

We affirm in part and reverse in part.

Two issues are presented to this Court for review:

1. Did the District Court err in granting respondent's motion for a directed verdict?

2. Did the District Court err in awarding respondent $25,000 in attorney fees?

In July 1985, appellant David Hoffman was hired by Town Pump, Inc., as a manager-trainee. Within a short period of time, he was made manager of a Town Pump located in East Helena. He worked there for approximately three years, and was then transferred to a Town Pump located in Helena. Appellant earned a monthly salary of approximately $1500 as manager of the store. In addition to a monthly salary, Town Pump store managers had the opportunity to earn bonuses based upon a variety of factors. In June 1989, a dispute arose between appellant and his field representative, Bob Enke, when Enke hired his stepdaughter to work in the same store as appellant. This dispute led appellant to file a grievance with Town Pump. A meeting was held between appellant and Town Pump management. Appellant was offered and accepted a position as a

2

manager of Town Pump in Hardin. Soon thereafter, a manager resigned from the Colstrip store. Appellant was then offered the Colstrip position, which he accepted.

On July 11, 1989, appellant was transferred to Colstrip. During this period, Colstrip was experiencing a severe housing shortage. In order to offset higher housing costs, appellant requested and received a $150 per month wage increase. Apparently Town Pump indicated that it would pay for appellant's motel costs for seven to ten days. Appellant had insufficient funds to relocate to a rental and stayed in the motel for approximately 24 days. Town Pump notified appellant that they would not pay for the entire motel bill which at this point amounted to $840. Appellant moved out of the motel and lived in his car with his son for approximately two weeks. Appellant alleges that Town Pump knew of his situation but failed to assist even after repeated requests by appellant. Appellant contends that the situation became so intolerable that he was forced to resign. On August 19, 1989, appellant sent a letter of resignation indicating that he was resigning effective August 24, 1989.

On August 24, 1989, appellant filed a complaint in District Court alleging that he had been constructively discharged by Town Pump in violation of Montana's Wrongful Discharge From Employment Act. A jury trial commenced on June 26, 1990. At the close of appellant's case in chief, respondent moved for a directed verdict. The District Court granted the motion but denied respondent's request for attorney fees. Respondent filed a motion to clarify

3

the District Court order, and on March 28, 1991, the court amended its order, awarding respondent $25,000 in attorney fees.

## I.

Did the District Court err in granting respondent's motion for a directed verdict?

Appellant argues that the District Court erred in granting a directed verdict because § 39-2-911(3), MCA, requires that an employer must provide any discharged employee notice of any wrongful termination grievance procedures and supply the discharged employee with a copy of those procedures within seven days. Because respondent failed to notify him of the existence of the internal grievance procedures, appellant was not required to comply with § 39-2-911(2), MCA.

Respondent maintains that appellant was intimately aware of the grievance procedure. On July 29, 1987, appellant had received and read a copy of the handbook for Town **Pump** employees which contained a section on employee grievance procedure, and had utilized the procedure during his dispute with Mr. Enke. Respondent concludes that appellant had constructive notice of the procedures and was required to comply with § 39-2-911(2), MCA. These arguments are moot because the District Court ruled on different grounds.

Our standard of review for directed verdicts is whether the District Court's interpretation of the law is correct. Foster v. Albertsons, Inc. (Mont. 1992), 835 P.2d 720, 49 St. Rep. 638.

4

Section 39-2-911(2) and (3), MCA, requires the employer and employee to do the following:

> **(2)** If an employer maintains written internal procedures, other than those specified in **39-2-912,** under which an employee may appeal a discharge within the organizational structure of the employer, the employee shall first exhaust those procedures prior to filing an action under this part. The employee's failure to initiate or exhaust available internal procedures is a defense to an action brought under this part. If the employer's internal procedures are not completed within **90** days from the date the employee initiates the internal procedures, the employee may file an action under this part and for purposes of this subsection the employer's internal procedures are considered exhausted. The limitation period in subsection **(1)** is tolled until the procedures are exhausted. In no case may the provisions of the employer's internal procedures extend the limitation period in subsection **(1)** more than **120** days.

> **(3)** If the employer maintains written internal procedures under which an employee may appeal a discharge within the organizational structure of the employer, the employer shall within 7 days of the date of the discharge notify the discharged employee of the existence of such procedures and shall supply the discharged employee with a copy of them. If the employer fails to comply with this subsection, the discharged employee need not comply with subsection **(2).**

The court determined that it was undisputed that appellant had a copy of the written internal procedures, had knowledge of those procedures, and did not avail himself of those procedures. Appellant terminated his employment on August **24**, 1989, the same day that he filed his complaint in District Court alleging wrongful discharge. By filing the complaint before exhausting respondent's procedures, appellant effectively precluded respondent from complying with § 39-2-911(2), MCA. It would have been impossible for respondent to notify appellant of the written procedures within seven days of the discharge prior to the commencement of the

5

action. In this instance, the date of discharge would be the date that appellant's resignation became effective because that was when, under these facts, there was a complete severance of the employer/employee relationship. See Allison v. Jumping Horse Ranch, Inc., Montana Supreme Court Cause No. 92-083, decided December 8, 1992. Appellant failed to exhaust respondent's internal procedures before filing his complaint in District Court and is not excused from complying with § 39-2-911(2), MCA, because of respondent's inability to comply with the statute.

In its original order, the District Court granted appellant the right to refile his claim after exhausting respondent's internal grievance procedure because the statute of limitations for wrongful discharge is tolled pending completion of the grievance procedure. In its amended order, the court did not make a determination on whether appellant could refile his claim in District Court once he completed the grievance procedure. The issue was not briefed by the parties on appeal, and therefore, appellant is allowed to refile his claim in District Court upon completion of respondent's grievance procedure. We hold that the District Court did not err in granting respondent's directed verdict.

## II.

Did the district court err in awarding respondent $25,000 in attorney fees?

Section 39-2-914, MCA, provides that the parties may submit their dispute to arbitration if they agree in writing to arbitration. Section 39-2-914, MCA, states:

*6*

(1) Under a written agreement of the parties, a dispute that otherwise could be adjudicated under this part may be resolved by final and binding arbitration as provided in this section.

(2) **An** offer to arbitrate must be in writing and contain the following provisions:

(a) A neutral arbitrator must be selected by mutual agreement or, in the absence of agreement, as provided in 27-5-211.

(b) The arbitration must be governed by the Uniform Arbitration Act, Title 27, chapter 5. If there is a conflict between the Uniform Arbitration Act and this part, this part applies.

(c) The arbitrator is bound by this part.

**(3)** If a complaint is filed under this part, the offer to arbitrate must be made within 60 days after service of the complaint and must be accepted in writing within 30 days after the date the offer is made.

**(4)** A party who makes a valid offer to arbitrate that is not accepted by the other party and who prevails in an action under this part is entitled as an element of costs to reasonable attorney fees incurred subsequent to the date of the offer.

(5) A discharged employee who makes a valid offer to arbitrate that is accepted by the employer and who prevails in such arbitration is entitled to have the arbitrator's fee and all costs of arbitration paid by the employer.

(6) If a valid offer to arbitrate is made and accepted, arbitration is the exclusive remedy for the wrongful discharge dispute and there is no right to bring or continue a lawsuit under this part. The arbitrator's award is final and binding, subject to review of the arbitrator's decision under the provisions of the Uniform Arbitration Act.

Respondent sent a written offer to appellant to have the matter settled by arbitration, which appellant rejected. No agreement to arbitrate existed between the parties as required by

7

statute.  The award of attorney fees was in error, and therefore, is reversed.

We affirm in part and reverse in part.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____
Justices

December 10, 1992

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that the following order was sent by United States mail, prepaid, to the following named:

John Houtz
Attorney at Law
P.O. Box 1230
Forsyth, MT 59327

Brent R. Cromley
Moulton, Bellingham, Longo & Mather
P.O. Box 2559
Billings, MT 59103

ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY:_____
   Deputy