No.  96-306

IN THE SUPREME COURT OF THE STATE OF MONTANA

1996

ADELINE EADUS,

　　　　Plaintiff and Appellant,

　v.

WHEATLAND MEMORIAL
HOSPITAL & NURSING HOME,

　　　　Defendant and Respondent.

FILED

NOV 14 1996

Ed Smith
CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:　District Court of the Fourteenth Judicial District,
　　　　　　　　In and for the County of Wheatland,
　　　　　　　　The Honorable Roy C. Rodeghiero, Judge presiding.


COUNSEL OF RECORD:

　　　　For Appellant:

　　　　　　Craig W. Holt; Holt Law Office, Billings, Montana

　　　　For Respondent:

　　　　　　James D. Walen; Stacey & Walen, Billings, Montana


　　　　　　　　　　　　Submitted on Briefs:　October 24, 1996

　　　　　　　　　　　　　　　　Decided:　November 14, 1996

Filed:

Clerk

Justice Karla M. Gray delivered the Opinion of the Court.

Adeline Eadus (Eadus) appeals from the judgment entered on the order of the Fourteenth Judicial District Court, Wheatland County, granting Wheatland Memorial Hospital & Nursing Home's (Wheatland) motion for summary judgment, and from the deemed denial of her Rule 59(g), M.R.Civ.P., motion to amend. We reverse.

The sole issue on appeal is whether the District Court erred in granting Wheatland's motion for summary judgment on the basis that Eadus' action was barred under § 39-2-911(2), MCA, because she failed to exhaust internal grievance procedures prior to filing a complaint.

Eadus began her employment with Wheatland in 1975. Diane Jones (Jones), Wheatland's administrator, terminated Eadus' employment on July 12, 1994. Eadus filed a complaint against Wheatland in the District Court on March 13, 1995, alleging wrongful discharge under Montana's Wrongful Discharge From Employment Act (WDEA). Both parties conducted discovery and the depositions of Eadus, Jones and Meridith Shelstead, Eadus' supervisor at the time of the discharge, were taken. A pretrial order was entered.

A jury trial on Eadus' complaint was scheduled for March 12, 1996. Prior thereto, Wheatland raised the issue of whether Eadus' action was barred by § 39-2-911(2), MCA, because Eadus failed to exhaust its internal procedures regarding appeal of a discharge from employment. Because Wheatland relied, in part, on Jones'

2

deposition testimony, the District Court converted the matter into a motion for summary judgment and properly notified the parties of its decision to do so. During a telephonic conference on the motion, the parties agreed that no genuine issue of material fact existed relating to § 39-2-911, MCA. The parties also agreed that the District Court properly could determine the summary judgment motion on the legal issue of whether § 39-2-911(3), MCA, required Wheatland to provide Eadus with a copy of its written internal procedures regarding appeal of the discharge where it was undisputed that Eadus had received a copy of those procedures in 1989.

The District Court subsequently entered its Memorandum and Order determining that no genuine issue of material fact existed and that Wheatland was entitled to judgment as a matter of law because it had substantially complied with the requirements imposed by § 39-2-911(3), MCA. The court relied primarily on Hoffman v. Town Pump, Inc. (1992), 255 Mont. 415, 843 P.2d 756. Judgment was entered dismissing Eadus' complaint and notice of entry of judgment was served. Eadus filed a Rule 59(g), M.R.Civ.P., motion to amend which subsequently was deemed denied by operation of law. Eadus appeals.

> Did the District Court err in granting Wheatland's motion for summary judgment on the basis that Eadus' action was barred under § 39-2-911(2), MCA, because she failed to exhaust internal grievance procedures prior to filing a complaint?

Summary judgment is proper when no genuine issues of material fact exist and the moving party is entitled to judgment as a matter

3

of law. Rule 56(c), M.R.Civ.P. "Material issues of fact are identified by looking to the substantive law governing the proceeding." Matter of Estate of Lien (1995), 270 Mont. 295, 299, 892 P.2d 530, 532 (citation omitted). We review a district court's grant or denial of a motion for summary judgment de novo, applying the same Rule 56(c), M.R.Civ.P., criteria used by that court. Johnson v. Nyhart (1995), 269 Mont. 379, 384, 889 P.2d 1170, 1173 (citations omitted).

Section 39-2-911(1), MCA, contains a one-year statute of limitations for bringing a wrongful discharge action under the WDEA. Section 39-2-911(2), MCA, provides that, where an employer maintains written internal procedures for appealing a discharge, the limitation period generally is tolled until those procedures are exhausted.

Section 39-2-911, MCA, further provides, in pertinent part:

> (2)    If an employer maintains written internal procedures . . . under which an employee may appeal a discharge within the organizational structure of the employer, the employee <u>shall first exhaust those procedures prior to filing an action under this part. The employee's failure to initiate or exhaust available internal procedures is a defense to an action brought under this part</u>. . . .

> (3)    If the employer maintains written internal procedures under which an employee may appeal a discharge within the organizational structure of the employer, the employer shall <u>within 7 days of the date of the discharge notify the discharged employee of the existence of such procedures and shall supply the discharged employee with a copy of them. If the employer fails to comply with this subsection, the discharged employee need not comply with subsection (2)</u>.

(Emphasis added.) Thus, the legislature has mandated in § 39-2-911(2), MCA, that, where an employer has written internal

4

procedures pursuant to which a discharged employee may appeal a discharge, the employee must exhaust those procedures prior to filing a wrongful discharge complaint in the district court. The penalty for an employee's failure to do so is severe; such a failure "is a defense to an action brought under [the WDEA]." Section 39-2-911(2), MCA.

In order to facilitate the use of such procedures, however, and to ensure that an employee is not required to exhaust procedures of which he or she may be unaware or to which he or she does not have access, the legislature placed corresponding obligations on an employer which has such written internal procedures. Pursuant to § 39-2-911(3), MCA, the employer having written internal procedures must--within seven days of the discharge--notify the employee of the existence of such procedures and supply the discharged employee with a copy of them.

Applying the "material facts" standard from Estate of Lien to the terms of the statute at issue here, it is clear that the first two facts material to the availability of the employer defense contained in § 39-2-911(2), MCA, are whether the employer has written internal procedures for appealing a discharge and whether the discharged employee utilized those procedures. These facts are undisputed in this case. Wheatland has such internal procedures and Eadus neither initiated nor exhausted those procedures. As a result, Wheatland was entitled to summary judgment pursuant to the defense contained in § 39-2-911(2), MCA, provided it met the requirements of § 39-2-911(3), MCA.

5

The facts material to § 39-2-911(3), MCA, are whether, within seven days of the date of the discharge, the employer notified the employee of the existence of the internal procedures and supplied a copy of the procedures to the employee. Here, it is undisputed that Jones notified Eadus of the existence of the internal procedures at the time she discharged Eadus. It also is undisputed that Jones did not supply a copy of those procedures to Eadus at that time or within seven days of the discharge. Therefore, it is clear that Wheatland did not meet the second requirement contained in § 39-2-911(3), MCA.

Section 39-2-911(3), MCA, expressly provides that, if the employer fails to comply with the two requirements therein, the discharged employee need not comply with the exhaustion of internal procedures requirement set forth in § 39-2-911(2), MCA. Applying the plain language of the statute here, Eadus was not required to exhaust Wheatland's internal procedures and, as a result, Wheatland was not entitled to judgment as a matter of law based on Eadus' failure to do so.

Wheatland argues, however, that it was not required to give Eadus another copy of the internal procedures because she had received a copy in 1989. It relies, as did the District Court, on Hoffman. Hoffman is inapplicable here.

In Hoffman, the employee resigned effective August 24, 1989, and filed a wrongful discharge action, based on constructive discharge, against his former employer the same day. At the close of the employee's case in chief at trial, the district court

6

granted the employer's motion for a directed verdict on the basis that the employee had not initiated or exhausted internal grievance procedures prior to bringing suit. Hoffman, 843 P.2d at 757-58.

The employee contended on appeal that, because the employer did not notify him of the existence of the grievance procedures or supply a copy of those procedures within seven days, as required by § 39-2-911(3), MCA, he was not required to initiate or exhaust the procedures. The employer contended, as Wheatland does here, that the employee previously had received a copy of the procedures; indeed, in Hoffman, the employee had utilized them during an earlier dispute. Thus, according to the employer, the employee had constructive notice of the procedures and was required to comply with them. Since he did not, the employer argued that § 39-2-911(2), MCA, provided it with a defense to the employee's constructive discharge action. Hoffman, 843 P.2d at 758.

Under the circumstances before us, we declined to address the statutory arguments advanced by the parties. Hoffman, 843 P.2d at 758. Instead, we focused on the unique fact that the employee had filed his complaint on the same day he terminated his employment by resigning, thereby effectively precluding the employer from complying with its obligations under § 39-2-911(3), MCA. Hoffman, 843 P.2d at 758. Under that circumstance, we observed that "[i]t would have been impossible for [the employer] to notify [the employee] of the written procedures within seven days of the discharge prior to the commencement of the action." Hoffman, 843 P.2d at 758. On that basis, we concluded that the employee's

7

immediate filing of a complaint alleging constructive discharge rendered the employer unable to comply with § 39-2-911(3), MCA, and did not excuse the employee's § 39-2-911(2), MCA, obligation to exhaust the available internal grievance procedures. Hoffman, 843 P.2d at 759.

Hoffman does not support Wheatland's position here that Eadus' 1989 receipt of its internal grievance procedures was sufficient to constitute compliance with its obligation under § 39-2-911(3), MCA, to provide a copy of such procedures within seven days of the discharge. In Hoffman, we specifically declined to address the "constructive notice" argument advanced by the employer as an alternative to actual compliance with § 39-2-911(3), MCA. Moreover, Hoffman is distinguishable on the dispositive fact upon which we premised our decision--namely, the employee's filing of a wrongful discharge complaint on the very day his resignation based on an alleged constructive discharge occurred. That fact is not present here, where Eadus was discharged on July 12, 1994, and filed her complaint in March of 1995.

Section 39-2-911, MCA, establishes a quid pro quo under which an employee's failure to exhaust written internal grievance procedures constitutes a defense against the action, but only when the employer has met its precedent obligations to notify the discharged employee of the internal procedures and to provide a copy of those procedures within seven days of the discharge. Allowing an employer to rely on "constructive notice" or "substantial compliance" with the requirements of § 39-2-911(3),

8

MCA, would unbalance the statutory quid pro quo.

We conclude, therefore, that the requirements contained in § 39-2-911(3), MCA, must be met before an employer can avail itself of the defense set forth in § 39-2-911(2), MCA. We further conclude that Wheatland's failure to comply with the second obligation imposed on it by § 39-2-911(3), MCA, precluded its reliance on the "employee's failure to exhaust" defense contained in § 39-2-911(2), MCA. We hold, therefore, that the District Court erred in concluding that Wheatland was entitled to judgment as a matter of law under § 39-2-911(2), MCA, and in granting its motion for summary judgment on that basis.

Reversed and remanded.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____

_____
Justices

9

November 14, 1996

## CERTIFICATE OF SERVICE

I hereby certify that the following certified order was sent by United States mail, prepaid, to the following named:

Craig W. Holt
Holt Law Office
490 N. 31st Street, Ste. 205
Billings, MT  59101

James D. Walen
Stacey & Walen
P.O. Box 1139
Billings, MT 59103

ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY:_____
Deputy